UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK TOZZI,<br><br>Plaintiff,<br><br>v.<br><br>PORT AUTHORITY TRANS-HUDSON CORP.,<br><br>Defendant. | Civ. No. 2:21-CV-08727 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

Plaintiff Mark Tozzi ("Plaintiff" or "Tozzi") brings this negligence action against the Port Authority Trans-Hudson Corp., ("Port Authority" or "Defendant") pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 ("FELA"). Before the Court is Defendant's motion for summary judgment (the "Motion") pursuant to Federal Rule of Civil Procedure 56. ECF No. 39. For the reasons set forth below, Defendant's motion is **DENIED**.

**I.    BACKGROUND[1]**

Plaintiff began working as a Signal Repairman I at PATH beginning in 1993 and remained in that position until the time of this suit. *See* PRDSOMF at ¶¶ 5-6. Plaintiff was responsible for maintaining and repairing signal equipment, switches, and signals as needed. *See id.* at ¶ 7. Plaintiff would occasionally work inside relay rooms, which is the apparatus that controls the signal systems for PATH. *See id.* at ¶ 9. On February 2, 2019, Plaintiff was assigned to remove all equipment and material, including anything that can be detached, from two relay rooms: Caisson One Upper ("COU") and Caisson One Lower ("COL"). *See* PRDSOMF at ¶ 11. During that shift, Plaintiff was working with his supervisor, Karen Mendyk ("Mendyk"), PATH Signal Repairman II, Clyde Easterling ("Easterling") and PATH Signal Trainees, Felipe DeSouza ("DeSouza") and Justin Haber ("Haber"). *See id.* at ¶ 13. Plaintiff did not receive a job briefing prior to starting his shift.[2] *See id.* at ¶ 14; Def. Ex. C, Mendyk Depo., 73:11-15, 75:1-6; Pl. Ex. 1, Tozzi Aff., ¶ 25. Prior to February 2, 2019,

---

[1] The facts in this section are taken from the parties' statements of material facts and the exhibits attached thereto. Favorable inferences are given to the non-moving party. For ease of reference, the Court will use the following abbreviations to refer to documents in the record:
  "**DSOMF**" – Defendants' Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 (ECF No. 39-9)
  "**PSOMF**" – Plaintiff's Statement of Material Facts (ECF No. 40-2)
  "**PRDSOMF**" – Plaintiff's Response to Defendants' Statement of Material Facts (ECF No. 40-2)

[2] Plaintiff alleges PATH rules require job briefings to be given at the start of each shift in order to highlight potential safety issues. PSOMF at ¶¶ 61-62; Tozzi Aff., ¶ 24.

Plaintiff had previously worked in the COL relay room approximately 14 years ago. *See* PRDSOMF at ¶ 16; Pl. Ex. 1, Tozzi Aff., ¶ 16.

During the first part of the shift, Plaintiff and his co-workers cleared the COL relay room without issue. *See* PRDSOMF at ¶ 17. The materials to be removed from the COU relay room were similar to those in the COL relay room, except no plywood had to be removed from the COL relay room. *See id.* at ¶¶ 20-21. Plaintiff was working in the COU relay room for approximately 45 to 60 minutes with no issue. *See id.* at ¶ 24. At the time of the incident, the crew working on clearing the COU relay room was just about done. *See id.* at ¶ 25. However, there was a piece of loose, unmarked plywood left on the floor covering a hole. *See id.* at ¶¶ 26-27. Plaintiff alleges that no one informed him that the piece of plywood on the floor was covering a hole.[3] *See* PSOMF at ¶ 41. Plaintiff lifted the plywood, which was immediately in front of him and partially blocked his vision, then simultaneously took a step towards the exit where the other debris was being collected and fell into nearly 4-foot-deep hole moderately filled with water. *See id.* at ¶¶ 103-103. Supervisor Mendyk heard Plaintiff ask, "what's this?" prior to lifting the plywood at which point two other people in the room yelled "no," before Plaintiff fell. *See id.* at ¶ 105. Plaintiff alleges he never knew the hole was there, the hole served no purpose, the plywood was not bolted to the ground, and the plywood contained no markings. *See id.* at ¶¶ 85, 87, 94 -95, 97, 104, 108. Supervisor Mendyk testified in her deposition that instead of plywood, there should have been a metal cover over the hole and it was replaced with plywood because they were getting rusty. ECF No. 39-4, Mendyk Dep. at 77:18-78:2. Furthermore, when asked "[i]s it your understanding that the piece of plywood that was on the floor in the relay room was supposed to be bolted to the floor?", Mendyk responded "I believe so. There [were] holes on the concrete and holes on the plywood." *Id.* at 82:19-23.

Plaintiff brought this action on April 9, 2021, ECF No. 1, alleging two counts of FELA violations. Count One was settled and dismissed by the parties on October 12, 2022. ECF No. 38. Count Two alleges PATH violated FELA by failing to: (1) "provide plaintiff with a reasonably safe place to work"; (2) "properly secure a cover over the 4-foot hole"; (3) "warn plaintiff of the 4-foot hole'" (4) "inspect plaintiff's work area for risks'" (5) "cordon off area'" (6) "repair the damaged cover"; (7) "replace the damaged cover"; (8) "conduct a proper job briefing regarding known hazards"; (9) "provide adequate lighting"; and (10) "maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel." Compl. ¶ 27. Defendant filed its Motion on January 20, 2023 and Plaintiff filed its opposition on January 20, 2023. ECF Nos. 39, 40. Defendant did not file a reply.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding a motion for summary judgment, the Court construes all facts and inferences in the light most favorable to the non-moving party.

---

[3] Defendant contends that Plaintiff's supervisor, Mendyk, made a joke mentioning that the plywood was covering a hole, however, Plaintiff denies such a joke occurred in his presence. *See* PRDSOMF. at ¶ 27.

*Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the initial burden of showing the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact—that is, the "absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986). Once the moving party meets this burden, the burden shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial and do more than simply show that there is some metaphysical doubt as to the material facts." *United States v. Donovan*, 661 F.3d 174, 185 (3d Cir. 2011) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). The non-moving party must present actual evidence that creates a genuine issue for trial—reliance on unsupported assertions, speculation, or conclusory allegations is insufficient to defeat a motion for summary judgment. *Solomon v. Soc'y of Auto. Engineers*, 41 F. App'x 585, 586 (3d Cir. 2002) (citing *Celotex*, 477 U.S. at 324); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (non-moving party may not successfully oppose summary judgment motion by simply replacing "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit"). Furthermore, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "A fact is 'material' . . . if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Anderson*, 477 U.S. at 248 (1986)). "A dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

### III. DISCUSSION

Plaintiff's claim for relief arises under the FELA, 45 U.S.C. § 51, et seq., which imposes liability on railroads for injuries to their employees. The relevant provision of the statute provides that railroads will be held liable to their employees for injuries

> resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency due to its negligence in its cars, engine, machinery, track, roadbed, works, boats, wharves or other equipment.

45 U.S.C. § 51. FELA was enacted against the backdrop of "exceptionally hazardous" working conditions for railroad employees that resulted in the "'death or maiming of thousands of workers every year.'" *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 691 (2011) (quoting *CONRAIL v. Gottshall*, 512 U.S. 532, 542 (1994)). The Supreme Court has noted the deliberately broad and remedial purpose of the statute, stating that the "cost of human injury, an inescapable expense of railroading, must be borne by someone, and the FELA seeks to adjust that expense equitably between the worker and the carrier." *Sinkler v. Mo. Pac. R.R. CO.*, 356 U.S. 326, 329 (1958). Notably, under the FELA, a railroad will be held liable if its

3

"negligence played any part, even the slightest, in producing the injury or death for which damages are sought," well below common law negligence standards. *Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 506 (1957); *Hines v. Consol. Rail Corp.*, 926 F.2d 262, 267 (3d Cir.1991). Under the FELA, an employee's contributory negligence will not bar him or her from obtaining relief and may only be considered to diminish the employee's recovery of damages in proportion to his or her fault. 45 U.S.C. § 53; *Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 166 (2007).

In the Third Circuit, an employee bringing a cause of action under the FELA must establish that (i) the defendant is a common carrier by railroad engaged in interstate commerce, (ii) the plaintiff was employed by the defendant and was assigned to perform duties that furthered that interstate commerce, (iii) the plaintiff's injuries were sustained while employed by the common carrier, and (iv) the plaintiff's injuries resulted from the defendant's negligence. *Felton v. Southeastern Pennsylvania Transp. Auth.*, 952 F.2d 59, 62 (3d Cir. 1991).

The parties only dispute the fourth element—that plaintiff's injuries resulted from the defendant's negligence. Defendant makes two arguments in support of its Motion. First, PATH did not breach any duty owed to Plaintiff because he created the alleged dangerous condition himself by removing the plywood. Def. Mot. at 4-5. Defendant contends that Plaintiff failed to exercise reasonable and ordinary care for his own safety. *Id.* Second, Defendant argues that PATH does not owe Plaintiff a duty because it lacked actual or constructive notice of the alleged dangerous condition.

### A. Reasonable and Ordinary Care

Even accepting, for the sake of argument, Defendant's characterization of the facts demonstrating that Plaintiff was negligent by, among other things, removing the piece of plywood covering the hole that he fell into, this evidence does not defeat Plaintiff's FELA claim as a matter of law. An employee's contributory negligence does not bar recovery under FELA. 45 U.S.C. § 53; *Gottshall*, 512 U.S. at 544. The statute, moreover, has abrogated the common law defense of assumption of risk. 45 U.S.C. § 54; *Gottshall*, 512 U.S. at 544. Regarding the relaxed standard of liability under FELA, the Supreme Court has held as follows:

> Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death.

4

*Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 506-07 (1957). As discussed below, the evidence of Defendant's constructive knowledge of a hazardous condition in an area where it required its employees, such as Plaintiff, to perform job duties suffices for Plaintiff to meet his low burden of causation. If the proofs show that Defendant's negligence played any part in Plaintiff's injuries, the FELA claim must be submitted to the jury for its determination. Clearly, that is the case here.

### B. Notice

Defendant contends it lacked actual or constructive notice of the alleged dangerous condition the hole created and is therefore not liable to Plaintiff's injuries. Def. Mot. at 7-10. Plaintiff, in response, argues that assumption of risk has been abolished as a defense under FELA. Pl. Opp. at 12.

"'A defendant has actual notice [of a dangerous condition] if [the defendant] either created the condition or received reports of it such that [the defendant] is actually aware of the existence of the particular condition.'" *Wagner v. CSX Transp., Inc.*, No. 20-1314, 2023 U.S. Dist. LEXIS 1217, 2023 WL 34803, at *4 (W.D.N.Y. Jan. 4, 2023) (quoting *DeFilippo v. AMTRAK*, 2019 U.S. Dist. LEXIS 129675, 2019 WL 3531761, at *7 (S.D.N.Y. Aug. 2, 2019)). Similarly, "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it." *Wagner*, 2023 U.S. Dist. LEXIS 1217, 2023 WL 34803, at *4 (quoting *Robinson v. Wal-Mart Stores, Inc.*, 242 F.3d 367 (2d Cir. 2000)). The "mere [e]xistence of an alleged dangerous condition is not constructive notice of it." *Wisowaty v. Port Auth. Trans-Hudson Corp.*, No. 11-2722, 2012 U.S. Dist. LEXIS 162811, 2012 WL 5555337, at *3 (D.N.J. Nov. 9, 2012) (quoting *Jensen v. Hilton Newark Airport*, No. 09-1290, 2011 U.S. Dist. LEXIS 49725, 2011 WL 1792374, at *5 (D.N.J. May 10, 2011)). "Rather, there must be some basis for concluding that the defendant 'should have known' about the defect." *Wagner*, 2023 U.S. Dist. LEXIS 1217, 2023 WL 34803, at *4.

The Court finds that Plaintiff has set forth sufficient facts to create a genuine dispute as to whether Defendant had actual or constructive notice that the unsecured and unmarked plywood covering a 4-foot-deep hole posed a hazard to Plaintiff's safety. The record is replete with evidence indicating Defendant was or should have been aware that the unsecured and unmarked plywood covering the hole was a dangerous condition.[4] Taking the facts in the light most favorable to Plaintiff, Plaintiff has alleged: (1) he did not receive a job briefing prior to working in the COL relay room indicating the plywood was not to be removed or that it was covering a hole; (2) the plywood covering the hole had no markings and was not bolted down; (3) Mendyk understood the plywood to be a temporary cover for the hole; and (4) Mendyk believed that the plywood was *supposed* to be bolted to the ground. This evidence suffices to permit a jury to find actual or constructive notice for the existence of a duty owed to Plaintiff. *See Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 503 (1957) (finding, in a FELA case, that various facts supported jury's finding that the defendant was aware or should have been aware

---

[4] Defendant's assertion that a co-worker made a joke about the hole, which Plaintiff denies, belies their argument that Defendant did not have actual or constructive notice of the dangerous condition it created.

of conditions creating a likelihood of injury to the plaintiff railroad employee). As such, Defendant's Motion for summary judgment is **DENIED**.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment is **DENIED**. An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

Date: **May 24, 2023**